## John B. Dexter *versus* Moses Clemans.

In an action upon a promissory note, against a surety, it appeared, that just before the execution of the note, the principal and the plaintiff conversed together in relation to the agreement in pursuance of which the note was alleged to have been given, but that the defendant was not present during the whole of such conversation ; that the defendant hesitated or refused to sign the note, until the plaintiff stated what the agreement was ; and that he then signed it. It was *held*, that such portion of the conversation as took place in the absence of the defendant, was not admissible in evidence on the part of the plaintiff.

In the same action, it appeared, that the plaintiff having sold a horse to the principal, a small note was executed by the principal, and the note in suit was executed, together with a bond, by the principal and the surety, the bond being conditioned that the principal should not redeem certain real estate then in the possession of D, whose title would be thereby rendered indefeasible ; and the defendant contended, that the plaintiff was to derive some advantage through D, from the neglect to redeem the estate, and that the small note and the bond were the whole consideration for the sale of the horse, and that the note in suit was given without consideration. It was *held*, that the fact that an agreement had been made at the time between D and the plaintiff to pay the plaintiff something if the estate should not be redeemed, was material towards establishing the defence, and therefore the testimony of D, that no such agreement was made, was admissible evidence on the part of the plaintiff.

Assumpsit upon a joint and several promissory note for the sum of $50, signed by Lewis Putney as principal and the defendant as surety, payable to the plaintiff, after Isaiah Putney's right of redeeming certain mortgaged real estate should have expired.

At the trial in the Court of Common Pleas, before *Strong* J., it appeared, that Isaiah Putney had conveyed to Lewis Putney his right to redeem the real estate in question, by deed dated April 25, 1832 ; and that this right had expired before the action was brought ; that the plaintiff, having sold a horse to Lewis Putney for the sum of $60, the note in question was executed, together with another note for the sum of $10, which had been paid ; and that at the same time a bond was executed by Lewis Putney as principal, and the defendant as surety, in the penal sum of $100, conditioned, that Lewis Putney should not redeem the real estate.

It was not proved that the plaintiff had any interest in the real estate ; but it was contended by the defendant, that the plaintiff was to derive some advantage from the neglect to redeem it, through one Peter Darling, who was in possession of it, and whose title would be thereby rendered indefeasible.

Darling testified, that he held under a deed from one Spurr, who was the purchaser of the equity of redemption at a sheriff's sale.

The defendant contended, that the note in question was given without consideration, and that the note for the sum of $10, and the bond, were, by the agreement of the parties, the full consideration for the sale of the horse. Upon this point, evidence was introduced to show, that the plaintiff and Lewis Putney had been in conversation upon this subject some little time before the defendant came, at a place where the writings were prepared, and a short distance from that where they were executed. The plaintiff contended, that the whole of the conversation and negotiations between the plaintiff and Lewis Putney in relation to this subject, they not haying separated, should go to the jury, although the defendant was not present during the whole time. But as it appeared by the evidence, that the defendant, when about to sign the note in question, hesitated, according to one witness, and refused to sign, as another witness stated, until the plaintiff stated what the agreement was, and that he then signed the note, the court ruled, that the conversation and negotiations between the plaintiff and Lewis Putney when the defendant was not present, were not binding upon him, and so were not admissible in evidence ; and they were accordingly rejected.

The plaintiff offered Darling as a witness to prove, that no agreement had been made at any time between him and the plaintiff, to pay the plaintiff or allow him any thing, if the estate should not be redeemed. This evidence was rejected. But Darling was permitted to testify, that he had not paid any thing to the plaintiff and was not then under any obligation to pay any thing to him on that account.

The jury returned a verdict for the defendant. The plaintiff excepted to the ruling of the court.

*C. Allen* and *Hyde*, for the plaintiff.

*Washburn* and *Child*, for the defendant, to the point, that the conversation between the plaintiff and Lewis Putney, in the absence of the defendant, was rightly excluded, cited *Baker* v. *Briggs*, 8 Pick. 127 ; Roscoe on Evid. 25 ; *Heane* v. *Rogers*, 9 Barn. & Cressw. 586.

WILDE J. delivered the opinion of the Court. This was an action of assumpsit on a promissory note ; and the defence was, that the note was given without consideration. To maintain the defence it became material to show, that the plaintiff had an interest in a certain estate, which one Lewis Putney had the right to redeem. The equity of redemption had been sold on execution and had been purchased by one Spurr, and by him was sold to one Darling, who was offered as a witness to prove a conversation between the plaintiff and Putney just before the note of hand in question was signed by the defendant, he being a surety of Putney. A part of this conversation took place when the defendant was not present, and this part of the conversation was not allowed to be proved. And we think it was clearly inadmissible ; especially as before the defendant signed, the plaintiff stated to him what he said was the agreement between him and Putney, and this statement was given in evidence to the jury.

The plaintiff then offered to prove by Peter Darling, that no agreement had been made between him and the plaintiff to pay the plaintiff any sum or consideration, if the estate should not be redeemed. This evidence was rejected ; but Peter Darling was permitted to testify that he had paid nothing to the plaintiff, and was not then liable to pay him any thing on this account.

Dexter
*v.*
Clemans.

*Oct. 6th*

*Oct. 7th*

Dexter
v.
Clemans.

We think the court erred in rejecting the evidence as to the supposed agreement between Darling and the plaintiff. For if such an agreement had been made, whereby the plaintiff was to receive any thing, or to derive any benefit, if the estate should not be redeemed, the fact would be material in maintaining the defence set up, and consequently the plaintiff should have been permitted to show, if he could, that in fact no such agreement had ever been made.

*New trial granted.*